IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
ASSIGNED ON BRIEFS MARCH 23, 2010


**MONICA VILLARREAL v. ROBERT JUSTICE**


**Direct Appeal from the Circuit Court for Rutherford County**
**No. 54939      J. M. Rogers, Judge**


**No. M2009-01943-COA-R3-CV - Filed April 30, 2010**


Mother and Father filed separate petitions to modify custody, both alleging a different material change of circumstances. The trial court entered a new parenting plan with custody provisions identical to those in a former parenting plan, but it failed to issue findings of fact and conclusions of law. Because the trial court failed to meet the requirements of Tennessee Rule of Civil Procedure 52.01, we vacate the judgment and remand for further proceedings.


**Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Circuit Court Remanded**

ALAN E. HIGHERS, P.J., W.S., delivered the opinion of the Court, in which DAVID R. FARMER, J., and HOLLY M. KIRBY, J., joined.

Frank M. Fly, Murfreesboro, Tennessee, for the appellant, Monica Villarreal

No appearance on behalf of appellee, Robert Justice,

## I. FACTS & PROCEDURAL HISTORY

Monica Villarreal ("Mother") and Robert Justice ("Father") never married, but had a child together on March 11, 2002. According to Father, the parties lived together until approximately mid-2004. Shortly after the child was born, a "Paternity and Support Consent Order" was entered acknowledging Father's paternity and ordering him to pay $38.00 weekly child support. Pursuant to a September 2005 "Permanent Parenting Plan Order," Mother was named the child's primary residential parent and Father was granted sixty-five days of visitation per year and ordered to pay $54.00 weekly child support.

In March 2007, Mother filed a "Petition to Modify Parenting Plan and Petition for Contempt" seeking to "alleviate [Father's] mid week visitation" alleging that he "neglects the child's personal hygiene, fails to utilize his scheduled parenting time, [and he] places the child in physical harm." She further alleged that he failed to pay child support as required. An "Order" was entered finding that Father had willfully failed to pay child support and ordering a wage assignment. Thereafter, the parties submitted an "Agreed Order," in June 2007, agreeing to alleviate Father's mid week visitation and setting his child support obligation at $88.00 per week.[2]

Mother filed a second "Petition to Modify Parenting Plan and Petition for Contempt" in October 2008, claiming that Father's alleged failure to exercise holiday visitation leaving Mother "without knowledge or information sufficient to know when [Father] will or will not exercise said visitation" constituted a material change of circumstances. Father filed an "Answer and Counter-Complaint" in which he initially "aver[red] that no substantial or material circumstances exist to warrant the Petition[] for Modification of the Agreed Parenting Plan." However, Father later amended his counter-petition to allege a material change of circumstances based on Mother's allowing the child to visit a nudist camp, seeking visitation "for not less than 120 days per year."

Following a hearing on July 28, 2009, the trial court entered an "Order" on September

---

[1]Rule 10 (Court of Appeals). <u>Memorandum Opinion</u>. -- (b) The Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in a subsequent unrelated case.

[2] The parenting plan filed contemporaneously with the "Agreed Order" set Father's visitation at 80 days per year.

11, 2009, finding that both the child support and child custody provisions "in the new Parenting Plan to be filed herewith shall be the same as the child [support/custody] provisions in the 2007 Agreed Parenting Plan." The "Order" further prohibited Mother "from taking or allowing others to take the parties' minor child to Rock Haven Lodge or any similar nudist facility." A "Permanent Parenting Plan" was filed simultaneously, naming Mother as the primary residential parent, and allowing Father standard visitation and ordering him to pay $384.00 monthly child support. Mother appeals.

## II.   ISSUES PRESENTED

Appellant presents the following issues for review:

1.     Does the proof show that a material change of circumstances occurred sufficient to warrant a modification of the June 2007 Parenting Plan?

2.     Does the proof show that it is in the minor child's best interest to terminate her visits to Rock Haven Lodge?

For the following reasons, we remand to the trial court.

## III.   DISCUSSION

As we stated above, both Mother and Father filed petitions alleging a material change of circumstances warranting a custody modification. The trial court issued no findings of fact or conclusions of law. Instead, it merely adopted the child custody provisions of the previous parenting plan, and it issued a "Permanent Parenting Plan" incorporating the former provisions.

Effective July 1, 2009, Tennessee Rule of Civil Procedure 52.01 requires that in "all actions tried upon the facts without a jury, the court *shall* find the facts specially and shall state separately its conclusions of law and direct the entry of the appropriate judgment." **Tenn. R. Civ. P. 52.01.** (emphasis added). The parties are no longer required to request that the judge make such findings. **Tenn. R. Civ. P. 52.01** (Advisory Commission Comments). Because the trial court failed to comply with the Rule's requirements, we remand for the entry of findings of facts and conclusions of law.

-3-

## IV. CONCLUSION

For the aforementioned reasons, we vacate the judgment and re-instate the previous "Agreed Order" pending further action by the trial court. The matter is remanded for the entry of findings of facts and conclusions of law. Costs of this appeal are taxed to Appellant, Monica Villarreal, and her surety, for which execution may issue if necessary.

_____
ALAN E. HIGHERS, P.J., W.S.

-4-